Masland *vs.* Kemp *et al.*;   The Georgia Railroad & Banking Co. *vs.* Moon *et al.*

## MASLAND *vs.* KEMP *et al.*

80a 365
111  134

A bill of exceptions, in order to be properly before this court, must be certified to be true.   Where this is not done, but the presiding judge certifies that the bill of exceptions, " as corrected by notes attached and signed by me, is true," etc., and after the certificate attaches a paper signed by him, containing several notes materially altering the statements contained in such bill of exceptions, the writ of error will be dismissed.

February 29, 1888.

### Practice in Supreme Court.

A motion to dismiss the writ of error in this case was made on two grounds: (1) Because certain deeds introduced in evidence were not copied in the bill of exceptions (the court below having granted an order dismissing the motion at the close of the complainant's evidence, in the nature of the grant of a nonsuit at law), but were set out in an abbreviated form.   (2) Because the presiding judge did not certify the bill of exceptions to be true, except as corrected by notes attached to the certificate and signed by him.   The court ruled as set out in the head-note.

---

## THE GEORGIA RAILROAD & BANKING CO. *vs.* MOON *et al.*

1. Where, upon a bill in equity for the recovery of land and an accounting for rents, issues and profits thereof to be made by an executrix of an estate and the heirs of the decedent, a verdict was found in favor of the complainant, but requiring it to pay to the estate a certain sum of money, whereupon the complainant moved for a new trial, which was refused and it excepted, but the bill of exceptions was not served upon one of the substantial defendants, this was a fatal defect, and the writ of error must be dismissed.
2. Such a defect could not be cured by an amendment making such defendant in the court below a party plaintiff in error on motion, especially where her counsel objected in open court.