GEORGIA, CAROLINA & NORTHERN RWY. CO. *v.* WATKINS.

*Lumpkin, J.*—1. The charge as a whole fairly submitted the issues involved, and in so far as it dealt with the question as to what degree of diligence should be required of the plaintiff, was substantially in accord with the rulings of this court in *Rhodes* v. *Georgia Railroad*, 84 *Ga.* 320; *Central Railroad Co.* v. *Phillips*, 91 *Ga.* 527, and *E. T., V. & G. Ry. Co.* v. *Hughes*, 92 *Ga.* 388.

2. If additional instructions as to the presumptive capacity of a person above the age of fourteen years would have been pertinent or appropriate, they should have been specially requested.

3. The evidence fully warranted the verdict, and there was no error in refusing to set it aside.　　*Judgment affirmed.*

December 2, 1895.

Action for damages. Before Judge Westmoreland. City court of Atlanta. March term, 1895.

The plaintiff, a boy of fifteen years, went with his father and brother upon an excursion from Atlanta to Lawrenceville. Returning on the evening of the same day, he mounted the steps of one of the cars in the train, intending to go inside of the car. He was not then with his father or brother. The train was crowded, and the platforms of this car and the one next to it were filled with persons standing thereon; and plaintiff failed to get farther than the step on which he was standing, holding, to the iron railings. The train moved off, and after running a short distance, the step on which he was standing struck a rock or other obstruction close by the track, shattering the step and throwing plaintiff to the ground, bruising him and breaking his knee-cap; from which he endured intense pain, and was still suffering from the injury two years after it oc-

curred. He obtained a verdict for $400, and a motion by the railroad company for a new trial was overruled. The motion alleged that the verdict was contrary to law and evidence, and assigned errors on the following parts of the charge to the jury:

"The degree of diligence that the law requires of the plaintiff was that care which would reasonably be expected of a boy of his age and capacity. You heard the testimony as to his age; you saw him when he was upon the stand; and in passing upon what degree of care he should have exercised on that occasion, you may take into consideration his appearance on the stand, his manner of testifying, and the capacity that he exhibited while a witness on the stand. As I stated to you, the care that the law requires of him was that care which might be reasonably expected of a person of his age and capacity." Error, in treating plaintiff as a child of tender years, whereas the charge ought to have been that the diligence or care required of him by law was ordinary care and diligence, that is, that care which every prudent man takes of his own property; and in failing to state that a young person of plaintiff's age is presumed to be capable of realizing danger, and of exercising the necessary forethought and caution to avoid it, and is presumably chargeable with diligence for his own safety, where the peril is palpable and manifest.

"If you find from the evidence in the case, that the plaintiff was attempting to go upon defendant's coach, and that he was obstructed in the way by other passengers, and that he could not promptly get in the coach, and while he was endeavoring to make his way in the coach the step he was standing on was knocked off by an obstruction on the track, and you find from the evidence in the case that in leaving the step in that condition, and allowing an obstruction upon the track, such as would knock the step from its place, the defendant was not in the exercise of that diligence that the law requires, the plaintiff would have the

right to recover." Error, in that the charge was calculated to withdraw the attention of /the jury from the diligence required of the plaintiff, and in effect informed the jury that under the facts as related the plaintiff would not be chargeable with a want of care and diligence, thereby making the sole issue in the case whether defendant was negligent.

*Erwin, Cobb & Woolley,* for plaintiff in error.
*A. A. Meyer,* contra.