*Jap H. Highsmith, solicitor,* contra.

27715. POLLARD, receiver, *v.* CARTWRIGHT *et al.*

DECIDED SEPTEMBER 22, 1939.

*Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*George & John L. Westmoreland, Dewey Smith,* contra.

GUERRY, J. The plaintiff brought suit for the homicide of his wife by the defendant's railroad-train at a public street crossing in College Park, Georgia; alleging, that the train, without any warning signal of any kind, by bell, whistle, or otherwise, approached said street crossing at a rapid, reckless, and negligent rate of speed of 30 to 40 miles per hour, without due regard for traffic conditions existing at said time and place, and without due regard for the safety and convenience of persons who might be using said crossing at said time; that no watchman or other employee was stationed at said crossing to warn travelers who approached said crossing; that the engineer and the fireman failed to keep a lookout in the direction in which they were traveling, and, although they saw or could have seen the deceased by the use of ordinary care, they failed to apply the brakes and slow down the train; that the deceased, in company with numerous other pedestrians and many automobiles, was attempting to use said crossing, and that in approaching said crossing the automobiles obscured any view that the deceased had or might have had of said approaching train. The defendant complains of the overruling of his general demurrer, and contends that the facts pleaded demanded a finding that the plaintiff's wife was so negligent as to prevent her recovery. The decisions principally relied on by the defendant in support of his contention were in cases where the injured persons were trespassers or licensees; and particularly is this true with reference to *Moore* v. *Seaboard Air-Line Railway Co.,* 30 *Ga. App.* 466 (118 S. E. 471). As was said by Judge Jenkins in *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759, 761 (154 S. E. 718): "But this is an entirely different thing from the court undertaking to decide for itself, and as a matter of law, what such a person lawfully entering upon a public or private railroad crossing must or must not do in order to free himself of a guilt of a lack of ordinary care constituting the proximate cause of his injury. On the contrary, it has been many times ruled that such a question is one to be determined by the jury as a question of fact, rather than by the court as a matter of law." It can not be said, as a matter of law, that the failure of a person approaching and entering upon a railroad crossing, and unaware of the approach of a train, to stop, look, or listen, renders such person guilty of such a lack of ordinary care as will prevent a recovery because of ordinary negligence

on the part of the railroad. This principle has been decided so often as not to require any further citation of authority.

The deceased in this case was on a public crossing where she had a right to be. As was said by Judge Bleckley in *Central Railroad & Banking Co.* v. *Smith,* 78 *Ga.* 694, 700 (3 S. E. 397), in being where she had a right to be she was "warranted in assuming that the whole world would be diligent in respect to" her and her "safety." Whether the averment that her vision was obscured to such an extent as to prevent her from seeing a rapidly-approaching train, which under the allegations had given no warning of its approach, was true or not, is for the jury. Construing the petition most strongly against the plaintiff, the deceased's conduct did not amount to negligence per se. We can not say, as a matter of law, that it was a failure to use ordinary care to prevent the injury after having discovered the alleged negligence of the defendant. The case of B. & O. R. Co. v. Goodman, 275 U. S. 66 (48 Sup. Ct. 24, 72 L. ed. 167), has been limited to a great degree by a later decision of the Supreme Court of the United States, Pokora v. Wabash Ry. Co., 292 U. S. 98 (54 Sup. Ct. 580, 78 L. ed. 1149), where the court said: "The burden of establishing the defense of contributory negligence in a personal-injury case is on the defendant. . . A standard of prudent conduct declared by courts as a rule of law must be taken over from the facts of life, and must be such that a failure to conform to it is so obvious and certain that rational and candid minds could not deem it otherwise." This has long been the rule in this State in respect to what facts do or do not constitute negligence. This court refuses to say that it is obvious that the facts pleaded show that the deceased by the exercise of ordinary care could have prevented the injury. The court did not err in overruling the general demurrer.

*Judgment affirmed. MacIntyre, J., concurs.*

Broyles, C. J., dissenting. In my opinion, the petition properly construed (most strongly against the pleader) shows that the deceased by the exercise of ordinary care could have avoided the consequences to herself of the alleged negligence of the defendant. This being true, it follows that the court erred in overruling the general demurrer to the petition.