COUNTRYMAN et al. v. COOGLER.

No. 11687.

Circuit Court of Appeals, Fifth Circuit.

Oct. 23, 1946.

Rehearing Denied Nov. 22, 1946.

Dean Owens and Tom Willingham, both of Rome, Ga., for appellants.

James Maddox, of Rome, Ga., and D. W. Mitchell, of Dalton, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from a judgment in favor of Mrs. Susie B. Coogler for damages for the wrongful death of her minor son. Appellants contend that judgment should have been in their favor notwithstanding a jury verdict for the plaintiff.

The record evidence shows that Billy Coogler, the nineteen year old son of appellee, was killed by appellants' truck on October 27, 1944. He was then back home in Georgia on a furlough from the Navy. Mrs. Coogler was dependent upon her son for support, and after he entered the Navy he continued to send her money up until the time of his death.

About ten o'clock at night on October 27, 1944, Billy Coogler was riding with five of his friends along Highway 41 in Georgia in a 1936 Model Ford Convertible Coupe. Billy Coogler and Melvin Chastain were riding in the rumble seat of the coupe, and the four other occupants were in the front seat which was covered by a canvas top. While the coupe was traveling along the highway in a southerly direction, at a speed of from fifteen to twenty miles per hour, Billy Coogler complained of being cold and requested that he be permitted to exchange seats with one of the occupants of the front seat. He stood up in the rumble seat, holding to the canvas top covering the front seat, preparatory to changing seats, and the coupe was moving over to the shoulder of the road on its right and coming to a stop so the change could be made. Appellants' truck was coming down the highway in the opposite direction at a speed of about forty miles per hour. As the truck passed the coupe, the protruding arm of the truck's rear view mirror struck Billy Coogler on the head, knocking him to the ground and killing him instantly.

The truck was eight feet wide at its cab, and the rear view mirror protruded an additional twelve inches beyond the cab out into the highway. This was in violation of the Georgia Statute which provides that the overall width of a vehicle shall not be more than ninety-six inches. Georgia Code, Sec. 68-405 (a). The highway was eighteen feet wide, and there is evidence that at the time of the accident the truck was being operated to the left of the center of the highway, and that the coupe was far to the right of the center of the highway with its right wheels off the highway and on the shoulder of the road. Operation of the truck to the left of the center of the highway was also contrary to the Georgia Statute which requires the operator of a vehicle to turn to the right of the center of the highway upon meeting a vehicle traveling in the opposite direction. Georgia Code, Sec. 68-303. The truck and the coupe did not collide; the only point of contact being between the truck's rear view mirror and Billy Coogler's head.

■ The truck driver testified, contrary to other witnesses, that his truck was being operated on its proper side of the highway at a speed of from twenty to thirty miles per hour, and that the coupe was being driven about thirty five miles per hour and appeared to be in the middle of the road. This conflict in the testimony was properly left for the jury to consider and determine.

■ Appellants insist that regardless of the width of the truck, and irrespective of whether or not the truck was being operated to the left of the center of the road, there should be no recovery under Georgia law. They contend that Billy Coogler's death was "caused by his own negligence and want of ordinary care for his own safety", and that he "assumed the risk" when he prepared to transfer from his seat while the coupe was in motion. The Georgia cases cited by appellants are not applicable to the facts of this case. Cf. Taylor v. Morgan, 54 Ga. App. 426, 188 S.E. 44; Smith v. Central Railroad & Banking Co., 82 Ga. 801, 10 S.E. 111. In the Taylor case, strongly relied upon by appellants, the deceased was standing on a running board with his body protruding beyond the car, while the car was traveling along a dusty road. In the case at bar the evidence does not demand a finding by the triers of fact that Billy Coogler placed himself in such a position as to bar recovery. Indeed, the evidence here is clear and strong that Billy Coogler merely stood up in his seat and leaned forward against the canvas covering over the front seat. No part of his body was protruding beyond the sides of the coupe into the path

of the oncoming truck. But for the negligence of the truck driver in operating his vehicle to the left of the center of the highway, and but for the negligently excessive width and protrusion of the rear view miror, Billy Coogler would not have been killed. Moreover, if it be conceded that Billy Coogler was negligent in making the moves he made within the coupe, recovery would not be barred under Georgia law, but the jury should have considered his negligence, if any, and compared it with the negligence of the defendants and reduced the damages accordingly. We conclude that this is exactly what the jury did, since no objection is lodged against the court's charge to the jury and the charge is not set out in the record. Atlantic Ice & Coal Co. v. Folds, 47 Ga.App. 832, 171 S.E. 581; Georgia, C. & N. Railway Co. v. Watkins, 97 Ga. 381, 24 S.E. 34; Savannah Electric Co. v. Crawford, 130 Ga. 421, 60 S.E. 1056; Western & A. R. Co. v. Ferguson, 113 Ga. 708, 39 S.E. 306, 54 L.R.A. 802.

The pleadings and evidence made a case for the jury. We find no reversible error in the record.

The judgment is

Affirmed.