38297.  COLLINS v. ALEWINE *et al.*

38357.. ALEWINE *et al.* v. COLLINS, by Next Friend.

DECIDED JUNE 29, 1960—REHEARING DENIED JULY 13, 1960.

*Guy B. Scott, Jr., James E. Hudson,* for plaintiff in error, case No. 38277, and defendant in error, case No. 38357.

*Wilson, Branch & Barwick, Thomas S. Bentley, Stephens, Fortson, Bentley & Griffin, Robert G. Stephens, Jr.,* contra.

FELTON, Chief Judge. ■ The court did not err in overruling the general demurrer to the petition in case No. 38357. The court erred in sustaining the general demurrer to the petition in case No. 38297. The petitions in the two cases are substantially the same. The first question to be decided is the meaning of the petitions. They allege in substance that Mose Gordon Collins was riding his bicycle as aforesaid in a southeasterly direction on his right side of the road at approximately the center thereof. In our view, this is an ambiguous allegation and means either that Collins was riding approximately in the middle of his right-hand side of the road or approximately in the middle of the road as a whole. Construing the petition most strongly against the pleader, the latter construction must be adopted. The fact that the plaintiffs in these petitions do not specify as an item of negligence the fact that the truck was driven on the wrong side of the road lends support, if any is needed, to the construction that we have placed on the petitions. The next question which arises is whether the minor was barred by his own negligence in the circumstances. The burden

of the argument of the defendants in the trial courts is contained in a paragraph of their briefs in this court as follows: "Construing the petition most strongly against the pleader, it is obvious that under the factual situation alleged that the boy was in the act of driving his bicycle directly into the oncoming 2½ ton truck of the plaintiffs in error. This is palpably clear because the mirror only protruded out 7½ inches wider than the truck bed, which was obviously directly behind the cab. If the mirror struck defendant in error in the head, as originally alleged, then certainly under normal physical conditions, the left side of the 14-year-old boy's body would have assumed more than 7½ inches of space to the left of the position of his head. Had he not been struck by the mirror, he would have driven the bicycle into the bed of the truck immediately behind the cab. If the truck were traveling 35 to 40 miles per hour as alleged, certainly there would have not been more than a very fraction of a second before the bed of the truck would have hit the defendant in error." The fallacy in this argument is the statement that the left side of the fourteen-year-old boy's body would have "assumed" more than seven and one-half inches of space to the left of the position of his head. This statement overlooks the consideration of the fact that the width of one-half of the plaintiff's head is left out of the picture. It does not appear from the allegations in the petition that if the minor had not been struck by the mirror he would have driven the bicycle into the bed of the truck immediately behind the cab. We think there is plainly a question for the jury as to whether the defendants in the trial court were negligent in driving so closely to the center of the road that the rear-view mirror extended over and beyond the truck operator's side of the road. We do not think that under the allegations of the petition the minor was barred as a matter of law by his own negligence in operating his bicycle so closely to the truck. It does not appear as a matter of law that he actually discovered the alleged negligence of the driver of the truck in time to avoid it or that he could have done so by the exercise of ordinary care. This case is one which has to be decided on its own facts, and it is impossible to find a precedent for guidance in the

decision in this case. The case most nearly resembling this one is that of Countryman v. Coogler, 157 F. 2d 503. In that case the court held that: "(2) Appellants insist that regardless of the width of the truck, and irrespective of whether or not the truck was being operated to the left of the center of the road, there should be no recovery under Georgia law. They contend that Billy Coogler's death was 'caused by his own negligence and want of ordinary care for his own safety,' and that he 'assumed the risk' when he prepared to transfer from his seat while the coupe was in motion. The Georgia cases cited by appellants are not applicable to the facts of this case. Cf. *Taylor v. Morgan*, 54 Ga. App. 426 (188 S. E. 44); *Smith v. Central Railroad & Banking Co.*, 82 Ga. 801 (10 S. E. 111). In the *Taylor* case, strongly relied upon by appellants, the deceased was standing on a running board with his body protruding beyond the car, while the car was traveling along a dusty road. In the case at bar the evidence does not demand a finding by the triers of fact that Billy Coogler placed himself in such a position as to bar recovery. Indeed, the evidence here is clear and strong that Billy Coogler merely stood up in his seat and leaned forward against the canvas covering over the front seat. No part of his body was protruding beyond the sides of the coupe into the path of the oncoming truck. But for the negligence of the truck driver in operating his vehicle to the left of the center of the highway, and but for the negligently excessive width and protrusion of the rear-view mirror, Billy Coogler would not have been killed. Moreover, if it be conceded that Billy Coogler was negligent in making the moves he made within the coupe, recovery would not be barred under Georgia law, but the jury should have considered his negligence, if any, and compared it with the negligence of the defendants and reduced the damages accordingly. We conclude that this was exactly what the jury did, since no objection is lodged against the court's charge to the jury and the charge is not set out in the record. *Atlantic Ice & Coal Co. v. Folds*, 47 Ga. App. 832 (171 S. E. 581); *Georgia C. & N. Railway Co. v. Watkins*, 97 Ga. 381 (24 S. E. 34); *Savannah Electric Co. v. Crawford*, 130 Ga. 421 (60 S. E. 1056); *Western & A. R. Co. v.*

*Fergerson,* 113 Ga. 708 (39 S. E. 206, 54 L. R. A. 802)." The facts alleged make jury questions as to whether the defendants in the trial court were negligent, whether the minor's negligence bars the plaintiffs from recovery and if not, the question of the minor's negligence, if any, as compared with that of the defendants in the trial court.

■ In case No. 38297 the trial judge sustained two special demurrers to allegations of the petition. The petition alleged: "That the defendant, Ellis DeWitt Alewine, did not sound the horn of the truck which he was driving and which belonged to the defendant, The Loef Company, and gave no warning of his approach or any signal as to the danger which might confront Mose Gordon Collins." The Ga. L. 1953, Nov. Sess., pp. 556, 612 (*Code Ann.* § 68-1716) provides in part as follows: "The driver of a motor vehicle shall when reasonably necessary to insure safe operation give audible warning with his horn but shall not otherwise use such horn when upon a highway." Ga. L. 1953, Nov. Sess., pp. 556, 593 (*Code Ann.* § 68-1658) provides in part as follows: "Notwithstanding the foregoing provisions of sections 68-1653 through 68-1660 every driver of a vehicle shall exercise due care to avoid colliding with any pedestrain upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway." Under the foregoing statutes we think the petition in case No. 38297 presented a jury question as to whether in the exercise of ordinary care under the circumstances the driver of the truck should have sounded his horn as a warning to the minor child, as it cannot be said as a matter of law, in our opinion, that the driver of the truck owed no such duty. The court erred in sustaining the special demurrers to this paragraph of the petition.

■ Paragraph 13(a) of the petition in case No. 38297, which was attacked by special demurrer, alleged: "The said Ellis DeWitt Alewine was negligent in driving said 1957 Dodge truck at a speed greater than 15 miles per hour in a school area in the City of Athens, Georgia, where a great number of children walk to and from school, also in not sounding his horn and warning Mose Gordon Collins, a child, of his approach." The court

erred in sustaining the special demurrer to this paragraph for the reason that it seems clear that the allegations raise a question for the jury whether the truck was being operated at a speed which was greater than reasonable and prudent as required by Ga. L. 1953, Nov. Sess., pp. 556, 575 (*Code Ann.* § 68-1626 which provides in part: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." This allegation is simply an allegation that the driver of the truck was guilty of ordinary negligence under the circumstances. The court erred in sustaining the special demurrers directed at this paragraph of the petition.

The court did not err in overruling the general demurrer to the petition in case No. 38357. The court erred in sustaining the general and special demurrers to the petition in case No. 38297.

*Judgment in case No. 38357 affirmed. Judgment in case No. 38297 reversed. Nichols and Bell, JJ., concur.*