## 77852. MEALER v. GENERAL CINEMA BEVERAGES OF GEORGIA, INC. et al.

(379 SE2d 192)

BEASLEY, Judge.

Plaintiff Mealer appeals the grant of summary judgment against her. She brought an action against General Cinema Beverages of Georgia, Inc., and Golden Pantry Food Services, Inc., for injuries she sustained in Golden Pantry's store. According to the allegations of her complaint she picked up a six-pack of one liter Pepsis, removed four bottles and replaced them with a one liter bottle of Mountain Dew. As she was carrying the carton to the check-out counter, the drinks dropped out of the bottom of the carton and burst on the floor, causing her to fall. She sustained a cut foot and injured back. The damages were alleged to have been caused by the negligent maintenance of the cartons by defendants.

Defendants moved for summary judgment based upon the affidavits and depositions of record obtained through the discovery process.

In her deposition plaintiff recounted that after arranging the bottles in the carton she turned and started up the aisle, "the next thing I know, they all just hit the floor, and I hit the floor with em." When asked if she knew what caused the drinks to fall, she replied: "The bottom had to come out of the carton. There's no other way out of it." By affidavit, she had related that she knew the drinks fell out of the carton's bottom because she was not tilting the carton or carrying it in such a manner as would allow them to fall out the top. She admitted that she did not see it, but explained when the drinks hit the floor the carton was still in her hand. She responded to questions regarding whether she was guessing as to what happened by stating that the bottles falling down through the bottom had to be the "only way." While she had no actual knowledge, she disputed that the carton did not rip or tear and that the drinks would have had to fall for some other reason.

A former assistant manager of the store, who was a witness to the incident but did not see how plaintiff was holding the carton, related by affidavit that she examined the carton immediately after plaintiff fell and it was intact without irregularities or defects; there were no holes, rips, punctures, or tears. This employee's deposition testimony was essentially the same. She stated she examined the carton before discarding it and testified: "it was just wet. It was not tore or anything." She affirmed that one bottle was broken on its upper half.

The court applied the rule: "In passing upon a motion for summary judgment, a finding of fact which may be inferred, but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." *Brewer v. Southeastern Fid. Ins. Co.*, 147 Ga. App. 562, 564 (249

SE2d 668) (1978).

This principle is subject to an important qualification as expounded in *McCurry v. Bailey*, 224 Ga. 318, 319 (162 SE2d 9) (1968), that the positive and uncontradicted evidence comes from an unimpeached witness whose testimony is "perfectly consistent with the circumstantial evidence" relied upon. Where there is an utter irreconcilable conflict between the positive direct testimony and the indisputable physical facts, then a jury alone can decide. The test is whether the circumstantial evidence is "perfectly consistent" or "inconsistent" with the direct evidence. *Fletcher Emerson &c. Co. v. Davis*, 134 Ga. App. 699, 702 (4) (215 SE2d 725) (1975); *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 781 (257 SE2d 186) (1979). Further, "the facts shown must not only reasonably support [the projected] conclusion, but also render less probable all inconsistent conclusions." *Cohen v. Hartlage*, 179 Ga. App. 847, 850 (348 SE2d 331) (1986), and cases cited.

A reasonable inference or conclusion from plaintiff's direct testimony is that the bottles fell from the bottom of the carton. From her testimony all other conclusions are less probable. This constitutes circumstantial evidence of that theory sufficient to support a verdict. *Allen Kane's Major Dodge*, supra at 780. The witness testified that her examination of the carton revealed no holes, rips, punctures or tears in the carton. Construing the proof offered on summary judgment in favor of the party opposing the motion, here the plaintiff, the plaintiff's circumstantial evidence of the condition of the carton is inconsistent with the direct evidence by the witness, that the carton was intact.

"[W]hen circumstances from which a jury may infer a certain fact conflicts with direct evidence that such fact was untrue, a jury question is presented and summary judgment is not proper." *Lane Co. v. Taylor*, 174 Ga. App. 356, 361 (4) (330 SE2d 112) (1985). Accord *Mixon v. Phoenix Landscaping*, 136 Ga. App. 344, 345 (221 SE2d 225) (1975).

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARINGS DENIED FEBRUARY 22, 1989 —

*Willie J. Woodruff, Jr.*, for appellant.
*McClure, Ramsay & Dickerson, John A. Dickerson, Joe B. Sartain, Jr., Phillip B. Sartain*, for appellees.