A90A0110. STUCKEY DIAMONDS, INC. v. JONES et al.
(393 SE2d 706)

BIRDSONG, Judge.

Stuckey Diamonds appeals from the grant of summary judgment to Clyde C. Jones in its suit against him on an open account. Stuckey Diamonds sued both Clyde C. Jones (also "Jones") and his son Allan Jones, to recover the debt owed by Jones Jewelry. Although Allan Jones admitted in interrogatory answers that he owed the debt, Clyde C. Jones denied liability for the debt.

The litigation was stayed when Allan Jones filed a petition in bankruptcy. After Allan Jones' death, the proceedings continued against Clyde C. Jones.

Stuckey Diamonds filed a motion for summary judgment, and Jones responded to the motion and filed a cross-motion for summary judgment supported by his affidavit. The affidavit specifically and in detail denied any business relationship as a partner or otherwise with Jones Jewelry, denied that he had purchased any items from Stuckey Diamonds, and denied that he had applied for any credit or authorized anyone to apply for credit for the purchase of any items from Stuckey Diamonds.

The trial court denied Stuckey Diamonds' motion and Stuckey Diamonds rebutted Jones' motion with an affidavit from an assistant credit manager. The affidavit stated sufficient facts to establish that the affiant was competent to testify (see *Jacobs v. Spano*, 193 Ga.

App. 447, 448 (387 SE2d 924)) and also stated that it was made from the affiant's personal knowledge. The affiant identified a credit application from Jones Jewelry and a financial statement from Jones, which were attached to the affidavit, and stated that the financial statement was submitted by Jones Jewelry as part of its credit application.

The trial court then granted Jones summary judgment. Stuckey Diamonds now appeals contending that its affidavit created a genuine issue remaining for trial. *Held*:

Stuckey Diamonds asserts that its assistant credit manager's affidavit sufficiently rebutted Jones' affidavit to demonstrate an issue remained for trial over whether Jones held himself out as a partner in Jones Jewelry. Jones contends, however, that the assistant credit manager's affidavit is deficient for that purpose because it does not contain statements showing that the attachments were admissible as business records. See *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556 (254 SE2d 881).

This argument, however, is not applicable because the assistant credit manager's affidavit is based on her personal knowledge that Jones' financial statement was attached to Jones Jewelry's credit application. See generally *Morris-Bancroft Paper Co. v. Coleman*, 188 Ga. App. 809, 810-811 (374 SE2d 544). Therefore, there was no requirement to show the documents were also admissible as business entries. Evidence admissible in one capacity is not inadmissible because it does not satisfy the rules for admissibility in another capacity. *Pugh v. State*, 191 Ga. App. 394, 395 (382 SE2d 143).

Therefore, construing the evidence (particularly the financial statement received with the credit application) in favor of Stuckey Diamonds and against Jones, and affording Stuckey Diamonds the benefit of all reasonable doubts (see *McNish v. Gilbert*, 184 Ga. App. 234 (361 SE2d 231)), we find a genuine issue of material fact remains on whether Jones held himself out as a partner in Jones Jewelry. " '(W)hen circumstances from which a jury may infer a certain fact conflicts with direct evidence that such fact was untrue, a jury question is presented and summary judgment is not proper.' [Cits.]" *Mealer v. Gen. Cinema Beverages*, 190 Ga. App. 419, 420 (379 SE2d 192). Accordingly, the trial court erred by granting summary judgment to Jones. OCGA § 9-11-56 (c).

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 12, 1990.

*Lamb & Associates, T. Gordon Lamb, Sharon K. Gipson*, for appellant.

*Johnson, Beckham & Price, Robert F. Dangle,* for appellees.