A96A0198. DAVIS v. PIEDMONT HOSPITAL, INC.
(473 SE2d 531)

MCMURRAY, Presiding Judge.

In this slip and fall case, plaintiff Davis appeals the grant of summary judgment in favor of defendant Piedmont Hospital, Inc. *Held*:

Plaintiff's evidence presents a "foreign substance" type of situation. While attempting to deliver certain materials to her physician, plaintiff was forced to use an unfamiliar route about defendant's premises in order to avoid construction work. The fall occurred while she was descending an outside stairway which she had never before traversed. It had been raining, and the ground was wet. Plaintiff used the handrail as she walked down the stairs until she reached an obstruction consisting of "two 2 x 4 boards" connected in an "L" shape and resting against or attached to the handrail. There were only a few steps remaining so plaintiff did not deem it worthwhile to cross to the opposite handrail, which was over 19 feet from the one she had been using, before going down the few remaining steps. On the next to last step her foot slipped, and she fell.

Through her own testimony and other evidence, plaintiff sought to establish that there was debris, mold, and slime on the steps

which caused a slippery condition beyond that which would have been caused merely by the rain and that this material caused her fall. Plaintiff maintained that some of the material from the step on which she slipped was captured on the top of her left shoe when it rubbed on the same step upon which she slipped. Plaintiff also testified that she was looking but could not see this material on the steps since it was obscured by the rainwater.

" '[W]here an invitee has slipped and fallen on a foreign substance . . ., knowledge is the decisive issue and the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance.' . . . [Cit.]" *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 450 (3) (422 SE2d 305). See also *PCT Svcs. v. Pope*, 208 Ga. App. 192, 193-194 (430 SE2d 139).

The second element is clearly shown by plaintiff's evidence that she was unfamiliar with the stairs in question and that the foreign substance on the stairs was not visible even though she was using care to watch where she was stepping. The evidence as to the first element is highly contested with defendant seeking to establish that there was in fact no foreign substance on the steps, or that any foreign substance on the steps had not been there for a period of time sufficient to provide defendant with constructive knowledge of the hazard, and that plaintiff had tripped over her own feet. Nonetheless, for purposes of summary judgment we do not look to the conflicts in the evidence but instead to whether plaintiff's evidence presents a prima facie case which would authorize a jury to resolve the issues of fact in her favor. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

Based on plaintiff's description of the material in which she slipped as being of organic origin such as caused by a lack of proper drainage, we must conclude that plaintiff has presented some evidence of defendant's constructive knowledge of the substance. "A proprietor has a duty to exercise ordinary care to keep the premises safe for invitees, which includes 'a duty to inspect the premises to discover possible dangerous conditions of which he does not know and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement and use of the premises.' (Citations and punctuation omitted.) *Strickland v. Howard*, 214 Ga. App. 307, 308 (447 SE2d 637) (1994). . . . [I]f the evidence shows that a foreign substance has remained on the floor of the premises for a sufficient period of time that it should have been discovered and removed in a reasonable inspection of the premises, then an inference arises from the breach of the duty to inspect the premises and

keep it safe that the proprietor has constructive knowledge of the presence of the foreign substance. *Food Giant v. Cooke*, 186 Ga. App. 253, 255 (366 SE2d 781) (1988)." *Johnson v. Autozone*, 219 Ga. App. 390, 392 (465 SE2d 463). In this instance, the nature of the material on which plaintiff alleges to have slipped suggests in and of itself that the material may have been present for some period of time at least sufficient for the growth of the organic matter. Thus, questions for a jury are posed as to the existence of any foreign matter, the accuracy of plaintiff's identification and description of the material on which she alleged to have slipped, and whether that material should have been found and removed in the course of a reasonable inspection of the premises by defendant. Plaintiff having presented some proof of all elements of her case, the grant of summary judgment in favor of defendant was error.

*Judgment reversed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 18, 1996 —
RECONSIDERATION DENIED JULY 8, 1996 —

*Orlando & Komie, Richard Kopelman*, for appellant.
*Tittsworth & Grabbe, John C. Grabbe IV*, for appellee.