A97A1871. GARRETT v. NATIONSBANK, N.A. (SOUTH).
(491 SE2d 158)

ELDRIDGE, Judge.

On January 8, 1996, appellant Lisa Garrett drove through the drive-through teller booth of appellee NationsBank, N.A. (South) at the Southway Branch, Jonesboro, Clayton County, Georgia. The teller, Dana Elizabeth Blair, saw appellant and extended the deposit drawer for appellant to make her deposit. Appellant placed her deposit slip and currency into the drawer, but a gust of wind blew the deposit slip and currency out of the drawer, through the drive-through area, and into the parking lot. Blair saw the money blow out and instructed appellant that she was not to leave her car and that Blair would get the deposit slip and currency. Never acknowledging that she heard Blair, appellant jumped out of the car and ran after the blowing currency. Appellant did not remember what Blair said to her when the currency blew away. By the time Blair exited the door to the drive-through teller booth to collect the money for appellant, appellant had already exited her car and had started to run to catch the money. To Blair, appellant appeared to be in a panic from her conduct in running after the money blowing in the parking lot. Blair saw appellant fall while she was running.

The day was windy, and snow and ice had accumulated during the prior night. Appellant was aware of the weather and had seen a weather report on the news. After appellant's fall, Blair saw white ice around the edges of the driveway; where the ice was melting "was more like black ice, but it was white. You could see it. It was visible." Appellant appeared to step on the ice when she slipped and fell. Appellant stated that she did not see any ice on the driveway or bank parking area when she drove in, but that she was not looking at the ground either when she drove in or when she was running prior to her fall, because she was looking at the money. Appellant admitted seeing snow on the ground and it was melting, although the sun was out as she drove to the bank at noon and the snow was starting to melt. Appellant, even after her fall, could not see any ice, but she knew that it was there, because the ground was slippery, cold, and wet.

Appellee moved for summary judgment. After hearing oral argument, the trial court granted summary judgment. Herein, appellant sets forth five different enumerations of error that all contend the trial court erred in granting appellee's summary judgment. We do not

agree and affirm.

Appellee's answer set out the affirmative defense of contributory negligence, and appellee's motion for summary judgment was predicated upon such affirmative defense.

On a motion for summary judgment under OCGA § 9-11-56, the defendant, as the moving party, may prevail by "piercing the plaintiff's pleadings," i.e., demonstrating that plaintiff will be unable to prevail at trial, even when all doubts are resolved in favor of the plaintiff, because there is no issue of material fact as to at least one essential element of the plaintiff's prima facie case. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991); *Greenforest Baptist Church v. Shropshire*, 221 Ga. App. 465 (471 SE2d 547) (1996); *Crosson v. Lancaster*, 207 Ga. App. 404 (427 SE2d 864) (1993). The defendant, who will not bear the burden of proof at trial, may accomplish this either (1) by presenting evidence which negates an essential element of plaintiff's claim, i.e., affirmatively disproving the element with evidence which makes it *impossible* for the plaintiff to prove the element at trial, or (2) by showing "an absence of evidence to support the [plaintiff's] case" as to an essential element. *Lau's Corp.*, supra at 491, 495; see, e.g., *Caven v. Warehouse Home Furnishings Distrib.*, 209 Ga. App. 706, 707 (434 SE2d 532) (1993). However, a defendant may not prevail simply by presenting contradictory evidence, as such evidence serves only to create an issue for jury resolution. *Davis v. Piedmont Hosp.*, 222 Ga. App. 97 (473 SE2d 531) (1996); *Service Merchandise v. Jackson*, 221 Ga. App. 897 (473 SE2d 209) (1996). Further, all reasonable inferences from the evidence presented must be given in favor of the plaintiff, as the nonmoving party; a trial court is precluded from drawing negative inferences against the plaintiff from evidence presented by a defendant on motion for summary judgment.[1] See *Lau's Corp.*, supra; *Millar Elevator Svc. Co. v. O'Shields*, 222 Ga. App. 456 (475 SE2d 188) (1996); *Service Merchandise*, supra; *Harvey v. McLaughlin*, 198 Ga. App. 105 (400 SE2d 635) (1990); *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442) (1962). If the defendant is able to pierce the plaintiff's pleadings by showing that no jury issue exists as to an essential element of the plaintiff's claim, the burden of *production* of evidence shifts to the plaintiff, i.e., the plaintiff will survive summary judgment by presenting *any* evidence which establishes a jury issue

---

[1] Favorable inferences may be drawn by the court on behalf of the plaintiff, since the granting of a motion for summary judgment deprives the non-moving party of his constitutional right to trial by jury. Summary judgment "cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact." *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 5 (126 SE2d 442) (1962); see also Ga. Const. of 1983, Art. I, Sec. I, Par. XI; U. S. Const., Amends. V, VII, and XIV.

regarding that element. See OCGA § 9-11-56 (e); *Lau's Corp.*, supra. Even slight evidence will be sufficient to satisfy the plaintiff's burden of production of some evidence on a motion for summary judgment; such evidence may include favorable inferences drawn by the court from evidence presented.[2] See *Stuckey Diamonds v. Jones*, 195 Ga. App. 351 (393 SE2d 706) (1990); *Mealer v. Gen. Cinema Beverages &c.*, 190 Ga. App. 419 (379 SE2d 192) (1989). Further, the plaintiff is not required "to respond to issues which are not raised in the motion for summary judgment or to present [her] entire case on all allegations in the complaint." (Citations omitted.) *Hodge v. Sada Enterprises*, 217 Ga. App. 688, 690 (1) (458 SE2d 876) (1995). Therefore, under *Lau's Corp.*, supra, the defendant is entitled to summary judgment if it is able to pierce the plaintiff's pleadings as to any material element and the plaintiff is unable to respond with any evidence to create a jury issue as to that element.

However, even if the defendant is unable or does not attempt to pierce the plaintiff's pleadings, it may still prevail at summary judgment by presenting evidence which establishes a prima facie affirmative defense. In so doing, the defendant, as the moving party seeking summary judgment, may not rely on inferences from the evidence presented, because: (1) the defendant would have such burden of proof at trial; and (2) the allocation of favorable inferences between the parties is a jury question. Once the defendant satisfies its burden of proof by presenting evidence to support each element of the affirmative defense, the same burden of proof it would have at trial, the burden of production of evidence shifts to the plaintiff, who will survive summary judgment in the same fashion that she would survive a motion for directed verdict at trial, i.e., by presenting *any* evidence which creates a jury issue on an element of the affirmative defense. See *Barentine v. Kroger Co.*, 264 Ga. 224, 225 (443 SE2d 485) (1994); *Lau's Corp.*, supra; *Hornbuckle Wholesale Florist &c. v. Castellaw*, 223 Ga. App. 198, 200 (477 SE2d 348) (1996) (McMurray, P. J., dissenting); *J. H. Harvey Co. v. Edwards*, 219 Ga. App. 697, 698 (466 SE2d 246) (1995); *Sheriff's Best Buy v. Davis*, 215 Ga. App. 290, 291 (450 SE2d 319) (1994). However, if the plaintiff is unable to meet this burden of production, the defendant is entitled to summary judgment as a matter of law.

Contributory negligence is an affirmative defense, and the defendant has the burden of proof thereon, either at trial or summary judgment. *Stewart v. Mynatt*, 135 Ga. 637 (70 SE 325) (1911); *City Council of Augusta v. Hudson*, 88 Ga. 599 (15 SE 678) (1891);

---

[2] However, " '[a]n inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility.' . . . [Cit.]" *Edwards v. Campbell Taggart Baking Co.*, 219 Ga. App. 806, 807 (1) (466 SE2d 911) (1996).

*Nelson & Budd, Inc. v. Brunson*, 173 Ga. App. 856, 857 (3) (328 SE2d 746) (1985); *Blanton v. Doughty*, 107 Ga. App. 91 (129 SE2d 376) (1962); *Browning v. Kahle*, 106 Ga. App. 353 (126 SE2d 892) (1962); *Martin v. Henson*, 95 Ga. App. 715 (99 SE2d 251) (1957); *Western & Atlantic R. Co. v. Mathis*, 63 Ga. App. 172 (10 SE2d 457) (1940); *Pollard v. Cartwright*, 60 Ga. App. 630 (4 SE2d 693) (1939); *McFarland v. City of McCaysville*, 39 Ga. App. 739 (148 SE 421) (1929).

Dicta in *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980), did not, either directly or sub silentio, overrule the principle that on an affirmative defense of contributory negligence the burden of proof is on the defendant, nor did it shift the burden of proof on contributory negligence from the defendant, as an affirmative defense set forth in the answer, to the plaintiff, as an element of his or her claim that ordinary care was exercised for the invitee's own safety. Such dicta merely restated, in order for plaintiff to recover, the plaintiff would have to survive the affirmative defense asserted by the defendant, which affirmative defense is present in most slip and fall cases and other premises liability cases.

At common law, any negligence on the part of the plaintiff which concurred in proximately causing his or her injury, no matter the degree, acted as an absolute bar to plaintiff's recovery. See *Macon & Western R. Co. v. Johnson*, 38 Ga. 409, 431-433 (1, 2) (1868); *Central R. & Banking Co. v. Dixon*, 42 Ga. 327, 330-331 (1871); see also *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665, 669-670 (88 SE2d 6) (1955); *Blankenship v. Howard*, 98 Ga. App. 844, 852 (2) (107 SE2d 324) (1959); *Hines v. Evitt*, 25 Ga. App. 606, 608 (4) (103 SE 865) (1920). However, such harsh common law rule was changed by statute, which created the doctrine of comparative negligence. OCGA §§ 46-8-291; 51-11-7; *Southland Butane Gas Co. v. Blackwell*, supra at 666-667. "Under these sections of the Code it is clear that there can be no recovery of damages where the injured party has failed to use ordinary care to prevent an injury to himself, unless the injury be wilfully and wantonly inflicted upon him. Thus, one is bound at all times to exercise ordinary care for his own safety, even before the negligence of another is or should be apparent, and this duty should not be confused with that other duty imposed by law upon all persons to avoid the negligence of another where the negligence of such other is existing, and is either apparent, or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." Id. at 667; see also *City of Winder v. Girone*, 265 Ga. 723, 724 (2) (462 SE2d 704) (1995); *Union Camp Corp. v. Helmy*, 258 Ga. 263, 267 (367 SE2d 796) (1988). "The law of contributory negligence is applicable only where both parties are at fault, and when, also, the plaintiff could not by ordinary care have avoided the injury which defendant's negligence produced." *Americus, Preston &c. R. Co. v.*

*Luckie*, 87 Ga. 6, 7 (13 SE 105) (1891) (which form of contributory negligence applies only where the comparative negligence doctrine is applicable); see also *Southland Butane Gas Co. v. Blackwell*, supra at 669-670; *Smith v. Central R. & Banking Co.*, 82 Ga. 801, 804 (10 SE 111) (1889). Even if the defendant was negligent, either the plaintiff's assumption of the risk or the plaintiff's failure to exercise ordinary care for her own safety will bar the defendant's liability, absent wilful or wanton misconduct. *City of Winder v. Girone*, supra at 724; *Union Camp Corp. v. Helmy*, supra at 267; *Southland Butane Gas Co. v. Blackwell*, supra at 669-670.

Contributory negligence is comprised of two separate and distinct defenses. See *Savannah Elec. Co. v. Jackson*, 132 Ga. 559, 562 (2) (64 SE 680) (1909); *Savannah, Florida &c. R. v. Stewart*, 71 Ga. 427, 438 (2) (1884); *Whatley v. Henry*, 65 Ga. App. 668, 673-674 (6) (16 SE2d 214) (1941). "[F]irst the plaintiff must at all times use ordinary care for [her] own safety; that is, [she] must not by [her] own negligence (or consent) proximately cause [her] own injuries; and second, the plaintiff must use ordinary care to avoid the consequences of the defendant's negligence when it is apparent or when in the exercise of ordinary care it should become apparent. Either or both of these defenses go *in bar* of the right of recovery. Comparative negligence by the plaintiff is that negligence which joins with the negligence of the defendant in proximately causing the injuries of the plaintiff and goes *in reduction* of the *amount of recovery* in proportion that the negligence of the plaintiff compares with that of the defendant, resulting, *by reduction*, in a bar of recovery when the negligence of the plaintiff is equal to or greater than that of the defendant. Comparative negligence is applicable only when the jury has not found either the negligence of the plaintiff or that of the defendant to be the sole proximate cause. [Cits.]" (Emphasis in original.) *Whatley v. Henry*, supra at 674, cited favorably in *Edwards v. Trammell*, 187 Ga. App. 22, 24, n. 1 (369 SE2d 288) (1988); see also *Leonardson v. Ga. Power Co.*, 210 Ga. App. 574, 576 (436 SE2d 690) (1993).

If the form of contributory negligence in the case sub judice is that in which both parties were negligent, then plaintiff had a duty to avoid the effect of appellee's negligence after it became apparent to her or in the exercise of ordinary care she should have become aware of it. See *Freeman v. Oak Grove Animal Clinic, P.C.*, 214 Ga. App. 362, 363 (448 SE2d 28) (1994); *Bloch v. Herman's Sporting Goods*, 208 Ga. App. 280, 281 (430 SE2d 86) (1993). However, the plaintiff must, after discovery or a reasonable time within which discovery of the negligence should have been made, have an *opportunity* to avoid the negligence of the defendant; both discovery and avoidance are elements of this form of contributory negligence. *Nelson & Budd, Inc. v. Brunson*, supra at 857; *Moore v. Price*, 158 Ga. App. 566, 568-570

(2) (281 SE2d 269) (1981); *Selman v. Central of Ga. R. Co.*, 108 Ga. App. 843, 845 (2) (134 SE2d 816) (1964); *Cooper v. Ga. Power Co.*, 44 Ga. App. 581 (162 SE 302) (1932). Knowledge of the *existence* of a hazardous condition does not ordinarily equal actual knowledge of the *danger* inherent in such condition. However, when one is aware of ice, snow, and water from the melting of either, actual knowledge is not necessary or one is presumed to comprehend and understand the normal and probable danger at the level of an ordinarily intelligent, prudent person, i.e., such forms of water have the property of being slippery. *Bloch v. Herman's Sporting Goods*, supra at 281; see also *City of Rome v. Baker*, 107 Ga. 347, 351 (33 SE 406) (1899); *Smith v. Bel-Arbor, Inc.*, 121 Ga. App. 739 (175 SE2d 146) (1970).

In the case sub judice, assuming arguendo that the appellee was negligent in failing to inspect for and remove ice, snow, or water, in failing to warn, and in failing to have in the extended drawer a clip to hold money from blowing away, such negligence would have been nonfeasance or passive negligence; further, the absence of the clip was open and obvious, and the condition of the driveway was equally observable by both parties. Plaintiff's act of jumping out of her car and chasing after the money without looking where she was running was active negligence, misfeasance.

The sole proximate cause of appellant's fall was her running after her money while looking only at her money, when she was aware of the bad weather conditions with some snow, ice, and water on the ground; as a reasonably intelligent and prudent person, she should have known of the risk of the pavement being slick and dangerous to someone running. This is a clear and palpable case of contributory negligence. Where appellant's failure to exercise reasonable care for her own safety is the direct and immediate cause of her fall, which danger could have been avoided by her exercise of due care, the sole proximate cause of her injury was her contributory negligence. *City of Winder v. Girone*, supra at 724; *Driver v. Leicht*, 215 Ga. App. 694, 695 (452 SE2d 165) (1994); *Leonardson v. Ga. Power Co.*, supra at 576; *Wright v. Concrete Co.*, 107 Ga. App. 190, 198 (5) (129 SE2d 351) (1962); *Purcell v. Hill*, 107 Ga. App. 85, 87-88 (1) (129 SE2d 341) (1962). Where appellee carried the burden of proof making out a prima facie affirmative defense of contributory negligence and presenting evidence as to each element of the defense, and where plaintiff failed to come forward with evidence to show the existence of a disputed issue of material fact as to any element of the defense for jury decision, the trial court did not err in granting summary judgment. See *Lau's Corp.*, supra at 491, 495; OCGA § 9-11-56 (e).

*Judgment affirmed. Ruffin, J., and Senior Appellate Judge Harold R. Banke concur.*

120

*Carl H. Hodges*, for appellant.
*Sullivan, Hall, Booth & Smith, Robert L. Shannon, Jr.*, for appellee.