**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 17, 2016**

# In the Court of Appeals of Georgia

A16A1441. RICHARDS v. ROBINSON.

MERCIER, Judge.

David Richards, the plaintiff in the underlying case, appeals the grant of summary judgment to the defendant/appellee, Errol Robinson. Richards sued Robinson (and other parties not involved in this appeal) in the State Court of Gwinnett County, asserting a claim for negligence as a result of a traffic accident in which the school bus being driven by Robinson collided with the vehicle being driven by Richards. On appeal, Richards argues that the trial court erred by 1) finding that Robinson demonstrated the absence of evidence to support an essential element of Richards's claim; 2) finding that Robinson presented evidence that negated an essential element of Richards's claim; 3) finding that vehicles traveling in Robinson's lane could lawfully proceed straight through the intersection in question rather than

turn right; 4) finding that Richards could not have relied on Robinson's lane position and turn signal; 5) reaching conclusions based on a particularly narrow and selective reading of the depositions and a strict construction of the available evidence against Richards as the non-moving party; and 6) not giving Richards notice or an opportunity to respond to issues raised sua sponte by the trial court. For the reasons that follow, we reverse the trial court's order.

"A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *McKissick v. Giroux*, 272 Ga. App. 499 (612 SE2d 827) (2005) (citations and footnotes omitted). See OCGA § 9-11-56 (c). "To prevail at summary judgment . . . the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp., Inc. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "[S]ummary judgment is appropriate when the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." Id. at 495 (4).

To state a cause of action for negligence in Georgia, the following elements are essential: (1) A legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and, (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.

*Booth v. Quality Carriers, Inc.,* 276 Ga. App. 406, 408 (623 SE2d 244) (2005) (citation and footnote omitted).

Viewed in the light most favorable to Richards, the record shows the following. On the date in question, Richards was driving his vehicle westbound on Five Forks Trickum Road, approaching the intersection with Ronald Reagan Parkway. He intended to turn left onto southbound Ronald Reagan Parkway. Before turning he did not see any oncoming traffic, but after he began turning left, he saw a school bus (driven by Robinson) coming over a hill toward him, driving eastbound on Five Forks Trickum Road.

The school bus was in the far right eastbound lane, which was marked "right turn only." That lane contained two right-hand turns; the first (the "first right turn") led to southbound Ronald Reagan Parkway, and the second (the "second right turn") led to northbound Ronald Reagan Parkway. That lane, in which the bus was traveling,

3

was bordered on the left by a solid white line before its intersection with Ronald Reagan Parkway at the first right turn. Between that intersection and the next intersection at the second right turn, the lane was bordered on the left by intermittent white lines. Richards deposed that he was unsure whether the traffic signal governing his left-turn lane was a green arrow or a circular green light, but knew that his signal was green; according to Robinson, the traffic signal governing the lane in which the school bus was traveling was also green. It is undisputed that a sign located before the first right turn indicated that vehicles in the right lane must turn right, and that there was also a directional sign located before the first right turn depicting the various lanes at the intersection.

Robinson was already in the far right lane before the first right turn, and his right turn indicator was blinking. However, he intended to turn at the second right turn and therefore go straight through the intersection past the first right turn. Richards assumed that Robinson intended to turn right at the first right turn, where Richards was starting to turn left. The ramps from their opposing directions formed a "Y" as they merged onto southbound Ronald Reagan Parkway, and Richards paused as he was turning left to allow the school bus to go ahead of him in the "Y" onto Ronald Reagan Parkway. Robinson instead went straight, and he saw Richards's

4

vehicle in front of him when he was approximately 20 feet away. Robinson tried to stop the school bus, but the bus struck Richards's vehicle. Prior to the collision Robinson was traveling approximately 30 miles per hour, and the speed limit was 45 miles per hour. None of the facts listed above are disputed.

The parties dispute, among other things, whether drivers in the far right lane before the first right turn were required to turn at the first right turn, or were permitted to continue straight through the intersection in that lane and then turn right at the second right turn, and whether Robinson's use of his right turn signal before the first right turn when he was traveling straight through the intersection contributed to the accident. Richards alleged in his complaint that Robinson was negligent when he disregarded traffic signs and devices, failed to maintain a proper look-out, failed to exercise due care, and traveled too fast for conditions. Robinson moved for summary judgment, arguing that there was an absence of evidence to create a triable issue as to the elements of a duty on his part and a breach of that duty. The trial court granted summary judgment to Robinson, finding that he demonstrated that there was no genuine issue of material fact as to any essential element of Richards's claim, and that Richards failed to point to specific evidence giving rise to a triable issue. The trial

5

court further found that even if Robinson was negligent in engaging his turn signal too soon, it could not have contributed to the collision.

We agree with Richards that the trial court erred in finding that Robinson demonstrated the absence of evidence to support an essential element of Richards's claim, in finding that Robinson presented evidence that negated an essential element of Richards's claim, and in finding as a matter of law that a vehicle traveling in Robinson's lane could lawfully proceed straight through the intersection rather than turn right. Robinson argued to the trial court, and argues to this Court, that he was permitted to turn right at either the first right turn or the second right turn, and in support of this argument he has argued that the road signs permitted drivers to turn right at the first right turn or the second right turn; that the word "only" in the crosswalk at the first right turn did not indicate that drivers were required to turn right at the first right turn, but instead indicated that drivers must turn right at either of the right turns, because it was part of a larger pattern applicable to the lane in question, and it was located beyond the first right turn; that the solid white line on the left border of the far right lane prohibited drivers from changing lanes, rather than required them to make the first right turn, pursuant to OCGA § 40-6-48 (5); and that contrary to Richards's assertion, there were no "hatch marks" in the crosswalk that

6

would have required drivers to turn at the first right turn. Robinson has also argued that pursuant to OCGA § 40-6-21 (a) (1) (A), because the traffic signal applicable to his lane was green, he was permitted to travel straight through the intersection and had the right of way to do so. However, Robinson's arguments are not sufficient to pierce Richards's pleadings.

Piercing a plaintiff's pleadings on a motion for summary judgment, "i.e., demonstrating that plaintiff will be unable to prevail at trial, even when all doubts are resolved in favor of the plaintiff, because there is no issue of material fact as to at least one essential element of the plaintiff's prima facie case," can be accomplished by one of two means. *Garrett v. Nationsbank, N.A. (South)*, 228 Ga. App. 114, 115 (491 SE2d 158) (1997). The defendant may

> 1) . . . [present] evidence which negates an essential element of plaintiff's claim, i.e., affirmatively disproving the element with evidence which makes it *impossible* for the plaintiff to prove the element at trial, or 2) . . . [show] an absence of evidence to support the plaintiff's case as to an essential element. . . . However, a defendant may not prevail simply by presenting contradictory evidence, as such evidence serves only to create an issue for jury resolution.

Id. (citations and punctuation omitted). See also *Davis v. Piedmont Hosp.*, 222 Ga. App. 97 (473 SE2d 531) (1996).

7

Here, Richards has presented evidence as to the elements of breach and duty, including, most notably, the existence of a road sign before the first right turn indicating that vehicles in the right lane must turn right. While Robinson presented his interpretation of the signs and the markings on the roadway, Richards argues that those signs and markings give rise to other reasonable interpretations as well. Specifically, he argues that the directional sign relied on by Robinson merely indicates in which direction each lane leads; that drivers who intend to turn onto Ronald Reagan Parkway at the second right turn must enter the right turn lane after the intersection at the first right turn; that the intermittently-bordered area of the lane beyond the first right turn is the appropriate area to enter the lane to turn at the second right turn; and that the word "only" in the crosswalk at the first right turn indicates that drivers must turn right at that intersection.

Robinson has pointed to no law demanding judgment in his favor as to duty, and has merely presented contradictory evidence, which gives rise to a jury issue. There is sufficient evidence such that it is not impossible for Richards to prove Robinson's duty and breach of that duty at trial, and Robinson has not shown an absence of evidence to support Richards's case as to these elements. See *Garrett*, supra. Because there is a triable issue as to those elements, and Robinson has not

shown that he is entitled to judgment as a matter of law, the grant of summary judgment to Robinson was error. See *Lau's Corp., Inc.*, supra.

The trial court's order granting summary judgment to Robinson in this case is therefore reversed. Because we reverse on this basis, we need not address Richards's remaining enumerations of error.

*Judgment reversed. Ellington, P. J., and Branch, J., concur.*