## A91A1797. CROUCH v. CSX TRANSPORTATION, INC.
(417 SE2d 216)

COOPER, Judge.

Appellant was driving over a one-lane railroad overpass, constructed by appellee, when he swerved to avoid an oncoming vehicle. Appellant's vehicle crashed through the guardrails on the overpass and fell onto the tracks below. In an action for personal injuries against appellee, appellant alleged that appellee was negligent in its construction and maintenance of the bridge in that the bridge was "totally inadequate for modern day traffic." In its answer, appellee admitted owning the bridge but stated that the bridge was part of the Cobb County road system and that maintenance responsibilities with respect to the bridge were set forth by law. After discovery, appellee moved for summary judgment. Granting summary judgment, the trial court found that the bridge was on a road which appellee demonstrated to be a part of the Cobb County road system and that pursuant to OCGA § 32-6-199, the determination as to when an existing overpass becomes unsafe to serve the traffic for which the overpass was constructed is the responsibility of the road authority. Appellant appeals the grant of summary judgment.

Appellant enumerates as error the trial court's determination that the bridge was part of the Cobb County road system. Appellant concedes that the road on which he was travelling is a part of the county road system but contends that the accident occurred on the bridge and that appellee failed to present any evidence that the bridge was part of the county road system, such as a deed conveying the bridge to the county. Appellant submitted the deposition of Archie Burnham ("Burnham"), a former official with the Georgia Department of Transportation ("DOT"), who offered, by way of hearsay testimony from unidentified Cobb County officials, that the bridge was under the jurisdiction of the railroad and that ownership of the land had not been transferred to the county at the time of the accident. Appellant urges, therefore, that there is at least a presumption that appellee retained control of the bridge. Appellant also argues that OCGA § 32-6-197 (b) requires appellee's maintenance of the bridge.

" ' "While the moving party on a motion for summary judgment has the burden of establishing the non-existence of any material fact and all doubts are resolved in favor of the party opposing the motion, the burden of proof can be shifted . . . when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposing party must come forward with rebuttal evidence at that time or suffer a judgment against him." . . . (Cit.)' [Cit.]" (Emphasis omitted.) *Spicewood, Inc. v. Dykes Paving &c. Co.*, 199 Ga. App. 165, 168 (2) (404 SE2d 305) (1991). In support of its motion for

summary judgment, appellee submitted the affidavit of an official from the DOT in which the official averred that the DOT County Bridge Report, dated six months prior to appellant's accident, pertaining to the "bridge *on Concord Road in Cobb County*" over CSX's right-of-way, indicated that the bridge was identified by a serial number in the DOT system of numbering and that Concord Road was part of the Cobb County road system. We agree with the trial court that appellee established that the road on which the bridge is located and the bridge are part of the Cobb County road system. Appellant has put forth no admissible rebuttal evidence to the contrary. See *Strickland v. DeKalb Hospital Auth.*, 197 Ga. App. 63 (2a) (397 SE2d 576) (1990).

Furthermore, appellee points out that in Burnham's deposition, he specifically set forth the alleged defects in the bridge, and while questioning the use of a one-lane bridge on a permanent basis, Burnham did not offer an opinion regarding specific defects in the basic structure of the bridge and conceded that the bridge complied with minimum standards at the time it was constructed. Thus, appellant raised no genuine issue of fact with regard to the construction of the bridge. However, Burnham did testify that the bridge was inadequate for the proper and safe control of motorists by current standards because of the devices selected for traffic control and assignment of the right-of-way on the structure, i.e., the yield sign on one of the approaches to the bridge and hazard boards affixed to the bridge. Burnham also testified that the handrail and guardrail systems on the bridge did not adequately contain vehicles on the structure. OCGA § 32-6-199 provides, "[w]henever an existing underpass or overpass involving railroads is unsafe or inadequate to serve reasonably the traffic for which it was constructed, the department, the county, or the municipality may proceed to bring about improvement of said existing structure." According to OCGA § 32-6-197 (b), the county is responsible for maintaining, at its own expense, "the drainage, surface, pavement, approaches, and guardrails of all overpasses involving railroads on its respective public road system[,]" and pursuant to OCGA § 32-6-50, the county is also responsible for placing and maintaining, within its public road system, traffic control devices sufficient to regulate, warn, or guide traffic. On the other hand, railroads are required "to maintain . . . any floors constructed of wood and the foundations, piers, abutments, and superstructures of all overpasses on the county . . . public road system." OCGA § 32-6-197 (b). Appellee has indisputably established that the specific defects alleged by appellant's expert are within the county's statutory responsibility; therefore, based on the foregoing we conclude that the trial court did not err in granting summary judgment to appellee.

We need not reach appellant's remaining enumerations of error

as we have determined that appellee cannot be liable for the defects alleged by appellant as a matter of law.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 17, 1992 —
RECONSIDERATION DENIED APRIL 1, 1992.

*Falanga, Barrow & Chalker, Robert A. Falanga, Jesse E. Barrow III,* for appellant.
*Awtrey & Parker, Toby B. Prodgers,* for appellee.