**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2020**

# In the Court of Appeals of Georgia

A19A1714. PATTERSON et al. v. WRIGHT et al.

COOMER, Judge.

In October 2013, Bobby Patterson and his wife traveled to a grave-side service after attending a funeral. While en route to the grave site, the Pattersons' vehicle collided with a vehicle driven by Daniel Wright. Patterson's wife died at the scene. Patterson later filed a wrongful death and negligence suit against Wright, his employer Fleabusters Pestex, (collectively, "Wright defendants"), Junior Flanigan, who owned the funeral home, and Flanigan Funeral Home and Crematory (collectively, "Flanigan defendants").[1] All of the defendants filed motions for summary judgment. After a hearing, the trial court found that there was no evidence

---

[1] One other defendant was also named in the suit, but is not relevant to this appeal.

that the Flanigan defendants breached any duty to the Pattersons, and even if they did, there was no evidence that any breach of duty contributed to the Pattersons' injuries. The trial court also found that there was no evidence of any negligence by Wright, and no evidence that Wright's actions were the cause of the Pattersons' injuries. The trial court therefore entered summary judgment in favor of the Flanigan defendants, and the Wright defendants. Patterson now appeals those orders. Finding the following reasons, we affirm in part and reverse in part.

"We review the trial court's grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact." *Rahmaan v. DeKalb County*, 300 Ga. App. 572, 572-573 (685 SE2d 472) (2009) (citation and punctuation omitted).

Viewed in that light, the record shows that on October 4, 2013, Patterson and his wife attended a funeral at Flanigan's Funeral Home. After the funeral, the Pattersons intended to participate in the procession to the cemetery. However, instead of immediately joining the procession, they waited for approximately 10 minutes as the entire funeral procession passed by them, including the floral van, which signaled the end of the procession. In addition, three or four unassociated cars passed the

2

Pattersons before they were able to leave. At that point, Patterson was "going to do whatever [he] had to do" in order to follow the funeral procession to the grave site.

Initially, Patterson followed the procession by catching glimpses of "a portion of it, if there was a little dip [in the road] or something." One-by-one, the three to four cars between the Pattersons and the procession turned off the route. Once the final car pulled off, Patterson sped up so that he could continue his attempt to catch up with the procession.

As he continued his pursuit, Patterson could see from a distance of 300 yards from the intersection where the accident occurred that the light in his direction of travel was red. As he got closer, he also saw that the police officer escorting the procession was no longer controlling traffic at the intersection. Still, despite being aware that the light was red, and that nobody had "waved [him] through" it, Patterson entered the intersection. Wright, who had a green light in his direction of travel, drove through the intersection at approximately 60 miles per hour and struck the Pattersons' car, killing Patterson's wife.

Patterson, individually and as administrator of his wife's estate, filed suit against the Wright defendants and the Flanigan defendants. The trial court granted

summary judgment to both the Wright defendants and the Flanigan defendants. This appeal followed.

1. Patterson argues the trial court erred in entering summary judgment in favor of the Flanigan defendants. Specifically, he argues that whether he was a participant in the funeral procession and whether the Flanigan defendants owed him a duty of care are questions of fact to be resolved by a jury. Pretermitting whether the Flanigan defendants owed Patterson a duty of care, the trial court properly held that Patterson did not adequately demonstrate that the Flanigan defendants breached whatever duty of care they may have owed to him. See *Johnson v. American Nat. Red Cross*, 253 Ga. App. 587, 592 (2) (569 SE2d 242) (2002) ("If the defendant is successful in piercing plaintiff's pleadings with regard to one essential element, the defendant is entitled to summary judgment regardless of whether issues of fact remain with regard to the other elements." (citation and punctuation omitted)). See also *Seymour Elec. and Air Conditioning Svc., Inc. v. Statom*, 309 Ga. App. 677, 679 (710 SE2d 874) (2011) ("The essential elements of a negligence claim are the existence of a legal duty; breach of that duty; a causal connection between the defendant's conduct and the plaintiff's injury; and damages." (citation omitted)).

Patterson's negligence claim against the the Flanigan defendants rests on his allegation that they breached their duty by choosing a dangerous route from the funeral home to the cemetery. He points to evidence that the police officer escorting the procession repeatedly asked the Flanigan defendants to choose a different, safer route to the cemetery, but they refused to do so. According to Patterson, because the police officer believed a different route might have been safer, that "necessarily means that the chosen route was more dangerous." This evidence alone — that the police officer may have believed a safer route was available — is not sufficient to create a jury question on the breach element of negligence.

Aside from the officer's concerns, Patterson did not proffer any evidence that this intersection presented such a hazard that it should have been avoided by the procession. Likewise, he did not show that the route taken was more dangerous than another route that could have been chosen. In fact, Patterson does not even specify a particular route that would have been safer.

Moreover, there is no evidence in the record relating to any prior accidents that may have occurred at this intersection or that the Flanigan defendants were or should have been aware any such accidents. Compare *Ga. Dept. of Transp. v. Brown*, 218 Ga. App. 178, 183 (4) (460 SE2d 812) (1995) ("Evidence of other accidents or near

accidents at the same intersection at other times under the same or similar circumstances are admissible to show the existence of a dangerous condition." (citation omitted)). Accordingly, Patterson has not shown that the route chosen, which contained this intersection, was inherently more dangerous than any other route that could have been taken despite the fact that the escorting police officer suggested that in his opinion a different route, would have been "safer." He has therefore not shown that the Flanigan defendants breached any duty owed to him, and the trial court properly entered summary judgment for the Flanigan defendants.

2. Patterson argues that a question of fact exists as to whether or not he was a part of the funeral procession, and in turn, whether or not Wright's speeding through the intersection was the proximate cause of the crash. We agree.

There is evidence in the record from which a jury could find that Patterson was, in fact, a part of the funeral procession. When asked at his deposition whether it was his intention "to try to catch up with the funeral procession and go straight through the intersection," Patterson replied "[w]ell, I did catch up with the funeral procession." He also stated in his deposition that he drove with his flashers after leaving the funeral home. Further, he estimated that he was approximately two

seconds behind the flower van when he entered the intersection, and at that time, the flower van had not yet cleared the intersection.

Although Patterson's statements may be self-serving, where "it appears that the credibility of a witness or witnesses upon whose testimony the grant of the summary judgment depends is at issue in the case, neither the trial court nor this court will resolve the matter or is concerned with the credibility but will leave this matter to the jury[.]" *Harding v. Ga. Gen. Ins. Co.*, 224 Ga. App. 22, 25 (a) (479 SE2d 410) (1996) (citation omitted). If Patterson was a part of the funeral procession — a question for the jury — he would have had the right of way at the intersection. See OCGA § 40-6-76 (b) (subject to certain exceptions, "[f]uneral processions shall have the right of way at intersections[.]").

Under the circumstances of this case, a jury should weigh any evidence of negligence on the part of Patterson against any evidence of Wright's negligence to determine the proximate cause of the crash, and then accordingly, who is liable for the crash. See *Weston v. Dun Transp.*, 304 Ga. App. 84, 87-89 (1) (695 SE2d 279) (2010) (explaining Georgia's doctrine of comparative negligence). Because a question of fact exists as to whether Patterson was a part of the procession, and

consequently, the proximate cause of the crash and liability of the parties, the trial court erred in granting summary judgment for the Wright defendants.

*Judgment affirmed in part and reversed in part. Doyle, P. J., and Markle, J., concur*.