**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 3, 2025**

# In the Court of Appeals of Georgia

A25A1774. HARVEY et al v. HALL.

DILLARD, Presiding Judge.

Paul Harvey and Arthur J. Dovers (d/b/a 3D Mobile Home Services)[1] appeal the trial court's denial of their motion for summary judgment in Lamar Hall's personal-injury action against them. Hall was injured in a single-vehicle accident when he was a passenger in a truck driven by Harvey (as an employee of Dovers). More precisely, the appellants argue the trial court erred because they were entitled to

---

[1] Arthur J. Dovers d/b/a 3D Mobile Home Services will be referred to as "Dovers," and Harvey and Dovers will be referred to collectively as "the appellants."

summary judgment based on a limited release Hall signed following the accident. For the following reasons, we reverse.[2]

Viewing the evidence in the light most favorable to Hall (*i.e.*, the nonmoving party),[3] the record shows that on July 1, 2020, Harvey was operating a truck as a Dovers employee that was towing a trailer loaded with machinery and equipment. Hall was a passenger in the vehicle; and according to him, at some point, Harvey "fell asleep and departed the roadway and crashed into a culvert." As a result, Hall suffered serious injuries.[4]

---

[2] Oral argument was held on August 5, 2025, and is archived on the Court of Appeals of the State of Georgia's website. See Court of Appeals of Georgia, Oral Argument, Case Nos. A25A1774. (Aug. 5, 2025), available at https://vimeo.com/1108913924.

[3] See, e.g., *Martin v. Herrington Mill, LP*, 316 Ga. App. 696, 696 (730 SE2d 164) (2012).

[4] The record does not appear to include any *evidence* of how the accident occurred; but according to the parties' pleadings, it is undisputed that Harvey and Hall were involved in a one-vehicle accident while Harvey was driving a Dovers truck and Hall was seriously injured. Even so, the manner in which the accident occurred and the nature of Hall's injuries are not relevant to this appeal.

Following the accident, on August 18, 2020, Hall signed a limited liability release under OCGA § 33-24-41.1.[5] In relevant part, the release insulated Harvey, Dovers, and Georgia Farm Bureau Insurance Company from liability for the accident in exchange for $50,000, "except to the extent other insurance coverage is available which covers the claim[.]" And later, in response to demand letters sent by Hall's attorney, Dovers's general liability carrier—Republic-Vanguard Insurance Company—and its commercial auto-liability carrier—Wesco Insurance Company—both denied coverage for the July 2020 collision.[6] Republic-Vanguard denied coverage because its policy excluded bodily injuries arising out of the use or entrustment to others of an automobile. And Wesco denied coverage because the truck driven by Harvey was not a covered vehicle under the commercial auto policy.

---

[5] See OCGA § 33-24-41.1 (a) ("In any instance where a claim arising out of a motor vehicle accident is covered by two or more insurance carriers, one such carrier may tender, and the claimant may accept, the limits of such policy; and, in the event of multiple claimants, the settling carrier may tender, and the claimants may accept, the limits of the policy pursuant to a written agreement between or among the claimants. Such claimant or claimants may execute a limited release applicable to the settling carrier and its insured based on injuries to such claimants including, without limitation, claims for loss of consortium or loss of services asserted by any person.").

[6] We refer to Georgia Farm Bureau Insurance Company as "GFB," Republic-Vanguard Insurance Company as "Republic-Vanguard," and Wesco Insurance Company as "Wesco" throughout this opinion.

3

Despite signing the release, Hall filed a personal-injury action against Harvey and Dovers, seeking "in excess of $557,000" for medical expenses. Discovery then ensued, and eventually the appellants moved for summary judgment. In doing so, they argued the limited release Hall signed released them from liability while allowing him to pursue other available insurance coverage—and no such coverage existed. Following Hall's response, the trial court denied their motion in a summary order without explaining its reasoning. This appeal follows.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[7] A *de novo* standard of review applies to an appeal from a grant or denial of summary judgment, and we "view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[8] And importantly, at the summary-judgment stage, we do not "resolve disputed facts, reconcile the issues, weigh the evidence, or determine its credibility, as those matters must be submitted

---

[7] OCGA § 9-11-56 (c); accord *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).

[8] *Martin*, 316 Ga. App. at 697 (punctuation omitted).

to a jury for resolution."[9] With these guiding principles in mind, we will now address the appellants' sole claim of error.

The appellants argue the trial court erred in denying their motion for summary judgment because, under the limited release, Hall was required to present evidence of additional insurance coverage, and he failed to do so. We agree.

A "release" is defined as "liberation from an obligation, duty, or demand; the act of giving up a right or claim to the person against whom it could have been enforced."[10] And as our Supreme Court has explained,

> the limited release provisions of OCGA § 33-24-41.1 were enacted to provide a statutory framework for a claimant injured in an automobile accident to settle with the tortfeasor's liability insurance carrier for the liability coverage limit while preserving the claimant's pending claim for underinsured motorist benefits against the claimant's own insurance carrier.[11]

---

[9] *Tookes v. Murray*, 297 Ga. App. 765, 766 (678 SE2d 209) (2009).

[10] *Ferguson v. Spraggins*, 371 Ga. App. 727, 728 (902 SE2d 708) (2024) (punctuation omitted); accord *Ashline v. Marinas USA, L.P.*, 336 Ga. App. 503, 507 (2)(784 SE2d 856) (2016).

[11] *Carter v. Progressive Mountain Ins.*, 295 Ga. 487, 489 (761 SE2d 261) (2014) (punctuation omitted); accord *Barker v. Muschett*, 375 Ga. App. 585, 587 (2) (916 SE2d 796) (2025).

Also, a limited release under OCGA § 33-24-41.1 "releases the settling insurance carrier from any liability to the claimant, and releases the tortfeasor from personal liability while preserving the claimant's right to pursue claims to judgment against the tortfeasor for the purpose of collecting against other available insurance coverage[.]"[12]

Significantly, a defendant moving for summary judgment based on an affirmative defense, "such as release, may not rely upon an absence of evidence in the record disproving the affirmative defense."[13] Instead, the defendant must present evidence which "establishes the prima facie affirmative defense."[14] And once the defendant satisfies

> its burden of proof by presenting evidence to support each element of the affirmative defense, the same burden of proof it would have at trial, *the burden of production of evidence shifts to the plaintiff*, who will survive

---

[12] *Carter*, 295 Ga. at 489 (punctuation omitted); accord *Ferguson*, 371 Ga. App. at 730.

[13] *Ferguson*, 371 Ga. App. at 727 (punctuation and citation omitted); accord *Porex Corp. v. Haldopoulos*, 284 Ga. App. 510, 511 (644 SE2d 349) (2007); see OCGA § 9-11-8 (c) (listing affirmative defenses, including a release).

[14] *Ferguson*, 371 Ga. App. at 727 (punctuation omitted); see *Giddens v. Metropower, Inc.*, 366 Ga. App. 15, 17 (880 SE2d 595) (2022) ("A defendant . . . may prevail on summary judgment by presenting evidence which establishes a prima facie affirmative defense." (punctuation omitted)).

summary judgment in the same fashion that [he] would survive a motion for directed verdict at trial, *i.e.*, by presenting any evidence which creates a jury issue on an element of the affirmative defense.[15]

So, if the plaintiff is "unable to meet this burden of production, the defendant is entitled to summary judgment as a matter of law."[16]

Here, the appellants argue the trial court erred in denying their motion for summary judgment because Hall failed to present evidence that additional insurance was available. Indeed, the limited release Hall signed released Harvey, Dovers, and GFB from liability for the accident in exchange for $50,000, "*except to the extent other insurance coverage is available which covers the claim*[.]"[17] And to satisfy their burden of proof in support of the affirmative defense of release, the appellants submitted the limited release and written denials of coverage issued by Dovers's two other insurers. Thus, the burden of production shifted to Hall to present some evidence creating a jury issue on the element of the affirmative defense of release. Hall failed to do so.

---

[15] *Ferguson*, 371 Ga. App. at 727-28 (punctuation omitted); accord *Weston v. Dun Transp.*, 304 Ga. App. 84, 85 (695 SE2d 279) (2010).

[16] *Ferguson*, 371 Ga. App. at 728 (punctuation omitted); accord *Weston*, 304 Ga. App. at 85.

[17] (Emphasis supplied).

More precisely, Hall presented no evidence that the truck driven by Harvey was, in fact, covered by the Wesco or Republic-Vanguard policies or any evidence that it was covered by any other insurance policy.

So, although Hall agrees that a limited-liability release executed under OCGA § 33-24-41.1 prevents him from enforcing a judgment against the appellants personally (except to the extent other insurance coverage is available that covers his claims), he still disputes that "the facts in the record conclusively establish that there is no additional liability insurance coverage available to [him] to cover his claims against [the appellants]." Indeed, Hall maintains the *denial* letters "conclusively prove the existence" of such coverage, which strains credulity. Hall also contends the limited release does not prevent him from *litigating* whether Wesco, Republic-Vanguard, or both insurers actually do provide coverage for his claims. But Hall failed to pursue such litigation against those insurance companies to establish the accident was covered under their policies, so this argument is a nonstarter.

Lastly, Hall claims that in *Farid v. Gaskell*,[18] this Court held that "a reservation-of-rights letter from a third-party administrator is not conclusive proof of lack of

---

[18] 366 Ga. App. 7 (880 SE2d 576) (2022).

coverage." But this case does not involve a reservation-of-rights letter. And as explained by our Supreme Court, a reservation of rights is "a term of art in insurance vernacular and is designed to allow an insurer to provide a defense to its insured while still preserving the option of litigating and *ultimately denying coverage.*"[19] A reservation of rights, then, is "only available to an insurer who undertakes a defense *while questions remain about the validity of the coverage.*"[20] And here, both Wesco and Republic-Vanguard conclusively denied coverage without suggesting that any questions remained regarding whether Hall's claims were covered by their policies.

The trial court erred, then, in denying the appellants' motion for summary judgment because—after they presented evidence that their insurance policies did not cover his accident—Hall failed to present any responsive evidence that other insurance was available.[21]

---

[19] *Hoover v. Maxum Indem. Co.*, 291 Ga. 402, 405 (1) (730 SE2d 413) (2012) (punctuation omitted) (emphasis supplied).

[20] *Id.* (punctuation omitted) (emphasis supplied).

[21] See *Ferguson*, 371 Ga. App. at 732 (holding that, as to a limited release of liability coverage, "the undisputed lack of any other insurance available to the defendant entitle[d] him to summary judgment in his favor"); see also *Carter*, 295 Ga. at 489 ("The limited release provided for in [OCGA § 33-24-41.1] releases the settling insurance carrier from any liability to the claimant, and releases the tortfeasor from

For all these reasons, we reverse the trial court's denial of the appellants' motion for summary judgment.

*Judgment reversed. Mercier, J., and Senior Judge C. Andrew Fuller, concur.*

---

personal liability while preserving the claimant's right to pursue claims to judgment against the tortfeasor for the purpose of collecting against *other available insurance coverage*." (punctuation omitted) (emphasis supplied)); *Brown v. Coast Dental of Ga., P.C.*, 275 Ga. App. 761, 767 (1) (622 SE2d 34) (2005) ("[A] defendant moving for summary judgment based on an affirmative defense may not rely upon an absence of evidence in the record disproving the affirmative defense." (punctuation omitted)).